# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of:

|  |  |
|---|---|
| IN THE MATTER OF THE APPLICATION FOR A WARRANT AUTHORIZING THE SEARCH OF STORAGE UNIT #118 LOCATED AT 1901 VERLIN ROAD, GREEN BAY, WISCONSIN. | ) ) ) ) ) ) ) |

Case No. 20 M 721

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

IN THE MATTER OF THE APPLICATION FOR A WARRANT AUTHORIZING THE IN THE MATTER OF THE APPLICATION FOR A WARRANT AUTHORIZING THE SEARCH OF STORAGE UNIT #118 LOCATED AT 1901 VERLIN ROAD, GREEN BAY, WISCONSIN. SEE ATTACHMENT A FOR FULL DESCRIPTION

located in the Eastern District of Wisconsin, there is now concealed:

Evidence of criminal activity in violation of Title 21 U.S.C. § 846, 841(a), (b)(1)(A) (conspiracy to distribute and possess with the intent to distribute cocaine and heroin).

The basis for the search under Fed. R. Crim P. 41(c) is:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: 21 USC §§ 841, 846

The application is based on these facts: See Affidavit in Support of an Application for a Search Warrant.

☒ Delayed notice until 11/07/ 2020 is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Michl R. Meyer 9-8-2020 = 11'wrn_
_____
Applicant's signature

Michael R. Meyer, FBI Special Agent
Printed Name and Title

Sworn to before me and signed in my presence:

Date: 9 / 8 / 2020
_____

Judge's signature

City and State: Green Bay, Wisconsin
_____

Hon. James R. Sickel, U.S. Magistrate Judge
Printed Name and Title

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF THE APPLICATION FOR A WARRANT AUTHORIZING THE
SEARCH OF STORAGE UNIT #118 LOCATED AT 1901 VERLIN ROAD, GREEN BAY,
WISCONSIN. 1901 VERLIN ROAD IS MULTI-UNIT STORAGE COMPLEX OPERATED
AS "STORAGE HUB". UNIT #118 HAS A WHITE GARAGE DOOR WITH THE NUMBER
"118" IN BLACK LETTERS ON THE FOURTH GARAGE DOOR PANEL FROM THE
GROUND. A METAL HANDLE IS LOCATED ON THE LOWER RIGHT SIDE OF THE
DOOR. THE LOCKING LATCH IS LOCATED ON THE RIGHT SIDE, APPROXIMATELY
HALFWAY UP THE DOOR AND IS SECURED WITH A SILVER COLORED
CYLINDRICAL PADLOCK. A FIRE EXTINGUISHER AND A SECURITY LIGHT ARE
LOCATED DIRECTLY TO THE RIGHT (NORTH) OF THE UNIT DOOR ON THE
COLUMN SEPARATING THIS UNIT FROM THE NEXT.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Michael R. Meyer being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been

    employed as such since April 2006. Upon graduation from the FBI Academy in

    Quantico, Virginia, I was assigned to the Springfield Division, Fairview Heights Resident

    Agency. While at this duty station I was assigned to work cases involving violent crime

    and narcotics trafficking organizations. In November 2009, I was transferred to the

    Miami Division where I worked on matters involving Public Corruption and identity

    theft. Thereafter, from January 2013 until April 2016, I was assigned to the Minneapolis

    Division, Grand Forks Resident Agency, where I investigated Indian County crimes, to

    include death investigations and sexual assaults of children. Since April 2016 I have

    been assigned to the Milwaukee Division, Green Bay Resident Agency (GBRA).

2. As a Special Agent of the Federal Bureau of Investigation, I am authorized to investigate violations of the criminal laws of the United States, and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3. The facts in this affidavit come from the Federal Bureau of Investigation (FBI), the Brown County Drug Task Force (BCDTF), the Drug Enforcement Administration (DEA), other law enforcement agencies, and witness statements, all of which I believe to be truthful, in addition to my personal observations, training and experience. This affidavit is intended to show merely there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe Carlos L. RAMIREZ-MORALES, also known as "Coco", has committed violations of Title 21 U.S.C. § 846, 841(a), (b)(1)(A) (conspiracy to distribute and possess with the intent to distribute cocaine and heroin) and evidence of such conduct will likely continue to be obtained by searching the premises of Storage Unit #118, located at 1901 Verlin Road, Green Bay, Wisconsin as further described in Attachment A with items to be seized in Attachment B.

## REVELANT FACTS

5. In July 2019, The Brown County Drug Task Force (BCDTF) along with the United States Drug Enforcement Agency (DEA), Federal Bureau of Investigation (FBI) and other law enforcement agencies started investigating RAMIREZ-MORALES, and others known and unknown, concerning possible violations of Title 21 U.S.C. § 846, 841(a), (b)(1)(A) (Conspiracy to distribute and possess with the intent to distribute cocaine and heroin). Soon after, Investigators from the BCDTF and FBI-Green Bay met with the DEA

Investigators in Milwaukee who were investigating Gonzalez-Collado. An open line of communication and information sharing along with de-confliction of target subjects was established. It was determined RAMIREZ-MORALES was the head of the DTO in Green Bay, WI and was partially being supplied narcotics (cocaine and heroin) from Gonzalez-Collado in Milwaukee, WI.

6. During the BCDTF investigation into RAMIREZ-MORALES, Milwaukee HIDTA took Gonzalez-Collado and members of his DTO into custody. Gonzalez-Collado and members of his DTO were subsequently federally charged with numerous narcotics distribution and conspiracy to commit offenses, along with weapon related offenses.

7. The investigation into RAMIREZ-MORALES to date has included law enforcement methods, including, but not limited to: interviews with confidential sources and sources of information, information from other law enforcement officers; pen register, trap and trace telephone toll data, controlled drug buys, Title III wire intercepts, and GPS locating of target vehicles and physical surveillance.

8. Between July 2019 and present Confidential Informants (CI's) have made controlled purchases of cocaine and heroin from RAMIREZ-MORALES. These purchases were audio and/or video recorded. All evidence is maintained by the BCDTF.

*CI-1920 Reliability and Compensation*

9. For several reasons, case agents believe CI-1920 to be reliable and credible. CI-1920 has been providing information regarding captioned subject since approximately August 2019, which is against CI-1920's penal interest. The information provided by CI-1920 is consistent with evidence obtained elsewhere in this investigation. Substantial portions of CI-1920's information have been corroborated through independent investigation

Case 1:20-mj-00721-JRS   Filed 09/11/20   Page 4 of 18   Document 1

including recorded conversations, surveillance, information from various public databases, other confidential sources and subsequent controlled buys made by Investigators. For example, CI-1920 informed Investigators RAMIREZ-MORALES used (920) 264-3571 to contact CI-1920, which is confirmed by call detail records. CI-1920 has had ample opportunity to directly observe the events discussed and/or has heard conversations directly from the individuals discussed. According to law enforcement databases, CI-1920 has felony convictions as well as numerous narcotics convictions, theft, robbery, burglary, receiving stolen property and probation violations. CI-1920's information has never been found to be false or misleading. Finally, CI-1920 has been paid in the past for information, however, has provided the most recent information without monetary compensation.

### CI-1967 Reliability and Compensation

10. For several reasons, case agents believe CI-1967 to be reliable and credible. CI-1967 has been providing information since approximately January 2020, which is against CI-1967's penal interest. CI-1967 has had ample opportunity to directly observe the events discussed and/or has heard conversations directly from the individuals discussed. The information provided by CI-1967 is consistent with evidence obtained elsewhere in this investigation. Substantial portions of CI-1967's information have been corroborated through independent investigation including recorded conversations, surveillance, information obtained from various public databases, other confidential sources and subsequent controlled buys made by Investigators. According to law enforcement databases, CI-1967 has a felony conviction along with misdemeanor convictions include; numerous narcotics convictions, theft, robbery, burglary, receiving stolen property. CI-

1967's information has never been found to be false or misleading. CI-1967 is cooperating in exchange for consideration on a case investigated by the Green Bay Police Department. CI 1967 has received monetary compensation once after providing information.

### Storage Unit #118 at 1901 Verlin Rd, Green Bay WI, 54311

11. Based on my training and experience, I know drug dealers frequently conceal contraband at locations outside of their residence. This can be done for many reasons including attempting to distance themselves from their illegal products and to conceal the location of both narcotics and U.S.C. By concealing these items off site drug dealers mitigate the risk of another drug dealer attempting to rob them at their residence and if the items are uncovered have deniability as to their true ownership.

12. Law enforcement obtained records listing the tenant of Unit #118 as of April 4, 2020 as MARIANA MORALES-ROMAN (the mother of RAMIREZ-MORALES) listing an address of 2811 University Av #3, Green Bay WI, 54311, 920-888-5885. Unit #118 was rented on April 4, 2020.

### Electronic Surveillance

13. Throughout the investigation law enforcement obtained various electronic surveillance orders, to include Global Position System (GPS) location tracking on vehicles associated with RAMIREZ-MORALES.

14. Based upon GPS data it appeared RAMIREZ-MORALES was at the self-storage unit complex located at 1901 Verlin Rd, Green Bay WI, 54311 (Storage Hub) on April 4, 2020 at approximately 12:07pm, and then again between 7:57pm and 8:01pm. These

times are approximate, and RAMIREZ-MORALES could have been at these locations for an additional 5 (five) minutes on either end of the time frame to account for the refresh rate of the geo locating of the surveillance.

15. On April 24, 2020, RAMIREZ-MORALES' traveled from Brown County to Milwaukee to meet with suspected co-conspirators. Upon his return RAMIREZ-MORALES' vehicle traveled north and was observed at Menards located at 2560 Steffens Court in the Village of Bellevue, Brown County, WI. N/I Secor and N/I Meader observed all four occupants come out of Menards with a security safe and load it into the trunk of RAMIREZ-MORALES' vehicle. Intelligence gained from CI-1920 helped investigators confirm the stop at Menards was to purchase a safe. CI-1920 stated RAMIREZ-MORALES and Bobe-Valladares left RAMIREZ-MORALES' residence with the safe around 6:30PM and returned around 8:00PM.

16. On April 30, 2020, at approximately 12:45pm, investigators traveled to the self-storage unit complex located at 1901 Verlin Rd, Green Bay WI, 54311 (Storage Hub) and pulled into the parking lot where they observed a male walking out of a storage unit, later determined to be Unit #118. N/I Meader was able to identify the male as being RAMIREZ-MORALES. Investigators observed a motorcycle was parked outside of Unit #118 and identified it as belonging to RAMIREZ-MORALES. At approximately 1:08pm, Investigators observed RAMIREZ-MORALES drive the motorcycle out of the parking lot, and then traveling eastbound on Verlin Rd. The license plate (718NE) was confirmed to match that of the motorcycle listed above belonging to RAMIREZ-MORALES.

17. On May 4, 2020, while monitoring electronic surveillance of RAMIREZ-MORALES' vehicle (ABH-8190), Investigators observed it had traveled to the self-storage unit

Case 1:20-mj-00721-JRS   Filed 09/11/20   Page 7 of 18   Document 1

complex located at 1901 Verlin Rd, Green Bay WI, 54311 (Storage Hub). Electronic surveillance placed the vehicle at this location between approximately 1:19pm and 1:31pm.

18. On May 17, 2020, while monitoring electronic surveillance of RAMIREZ-MORALES' CHEVROLET MALIBU Plate: ABH8190 (WI), Investigators observed that it had traveled to the self-storage unit complex located at 1901 Verlin Rd, Green Bay WI, 54311 (Storage Hub). Electronic surveillance placed the vehicle at this location between approximately 7:13pm and 7:16pm.

## Intercepted wire conversations

19. Law enforcement obtained a wiretap order from United States District Court Judge William C. Griesbach on July 13, 2020 to intercept wire communications occurring over RAMIREZ-MORALES cellular telephone number, this order was renewed on August 12, 2020. Analysis of the intercepted communications and GPS data relevant to the storage unit are incorporated as follows:

20. On July 15, 2020 at approximately 1:24pm, electronic surveillance of RAMIREZ-MORALES' Honda Odyssey (AJJ-7184) showed RAMIREZ-MORALES at the self-storage unit complex located at 1901 Verlin Rd, Green Bay WI, 54311 (Storage Hub). After a few minutes RAMIREZ-MORALES departed the storage unit and traveled to the area of the (NEBs) Barber Shop. Law enforcement initiated physical surveillance and investigators were able to identify RAMIREZ-MORALES as the driver of the vehicle (AJJ-7184). At approximately 1:37PM, RAMIREZ-MORALES departed the area and started to travel southbound. Based on intercepted wire communications it was known RAMIREZ-MORALES was going to meet Jesus Antonio Reyes aka "Cartoon," halfway

between Green Bay, WI and Madison, WI to exchange money. Reyes is believed to be one of RAMIREZ-MORALES heroin and marijuana sources of supply. Surveillance confirmed the meet and RAMIREZ-MORALES return to his residence. At approximately 8:01pm, electronic surveillance showed RAMIREZ-MORALES' vehicle (ABH-8190) travel from his residence (1811 University Avenue #5) to the self-storage unit complex located at 1901 Verlin Rd, Green Bay WI, 54311 (Storage Hub) specifically Unit #118. RAMIREZ-MORALES' vehicle was in the area of Unit #118 for approximately seven minutes before leaving and going back to his residence. Physical surveillance was able to confirm RAMIREZ-MORALES arrived at Unit #118, exited his vehicle, walked to the trunk, opened the trunk and pulled out a small duffle or gym bag. RAMIREZ-MORALES opened Unit #118 and went inside. Approximately 90 seconds after he entered the unit, RAMIREZ-MORALES exited holding the same bag and entered the driver's compartment of the vehicle (with the bag) and departed the location.

21. On Thursday, July 16, 2020, N/I McGinty and DCI Agent Messerschmidt met with CI-1920 regarding information related to RAMIREZ-MORALES. CI 1920 indicated that during the evening on Wednesday, July 15, 2020, CI-1920 was at RAMIREZ-MORALES' residence located at 2811 University Avenue, Apartment #5, in the City of Green Bay, Brown County, Wisconsin. CI-1920 stated other co-conspirators were also present inside the apartment. While at RAMIREZ-MORALES' apartment, RAMIREZ-MORALES told the CI-1920 that earlier that day RAMIREZ-MORALES made a payment for a quarter kilo of heroin to the "Wisconsin Dells Guy". RAMIREZ-MORALES told CI-1920 he thought the heroin would be delivered to him tomorrow, July 16, 2020. CI-1920 stated after the discussion RAMIREZ-MORALES and his mother

Case 1:20-mj-00721-JRS   Filed 09/11/20   Page 9 of 18   Document 1

(MORALES-ROMAN) left in RAMIREZ-MORALES' Chevy Malibu. The CI-1920 said RAMIREZ-MORALES was carrying a duffle bag when he left and said something about dropping something off. This information directly corroborates the electronic surveillance showing RAMIREZ-MORALES' vehicle traveling to meet REYES and then to the self-storage unit complex located at 1901 Verlin Rd, Green Bay WI, 54311 (Storage Hub) on the evening of July 15, 2020.

22. On August 20, 2020 at approximately 11:43pm, an intercepted communication between RAMIREZ-MORALES and Joseph J Bobe-Valladares which was translated and summarized. The following are relevant points for that conversation.

    a. RAMIREZ-MORALES asks for Bobe-Valladares' whereabouts. RAMIREZ-MORALES tells Bobe-Valladares that he wants to take everything out of Bobe-Valladares' house now. RAMIREZ-MORALES explains he saw a black Silverado van/SUV with two Americans parked at Denny's [PH] house got out and pretended to open old people's house when RAMIREZ-MORALES saw them. RAMIREZ-MORALES wants to take things out of Bobe-Valladares' and says he is hardly selling the green and the other thing and will take them out. RAMIREZ-MORALES says if someone wants to buy an ounce, he would rather go get it at the other place if he doesn't have it there. RAMIREZ-MORALES asks Bobe-Valladares to put the "lenta" (believed to be heroin) in the bag and take it out. RAMIREZ-MORALES says the only thing he's going to keep is "pin-pin" (believed to be cocaine). Bobe-Valladares asks what they are going to keep and RAMIREZ-MORALES answers he's going to get the weed and the "lenta" [heroin] out and will only leave the pin-pin. RAMIREZ-MORALES says he is not

paranoid, but he doesn't want anything to happen if he's not selling a small ball and adds he knows where he can keep/store it. Bobe-Valladares asks if RAMIREZ-MORALES thinks they are agents and RAMIREZ-MORALES answers he thinks they are cops. RAMIREZ-MORALES adds he can't think they're thugs, he has to think the worst, and this is why he wants to take things out of there. RAMIREZ-MORALES tells Bobe-Valladares he will go out, they will leave Bobe-Valladares' car at RAMIREZ-MORALES' father's and will go on to store it and get back. Bobe-Valladares says his car is in the garage. RAMIREZ-MORALES tells Bobe-Valladares to take out the "lenta" [heroin] and the big scale. RAMIREZ-MORALES says the "lenta" is in the gas tank near the [UI]. RAMIREZ-MORALES tells Bobe-Valladares to put everything in the bag. RAMIREZ-MORALES says if they go to his house and they don't find anything he will put one on their back and they will regret it.

b.  On August 21, 2020 at approximately 12:00am, electronic surveillance showed RAMIREZ-MORALES' vehicle (AJJ-7184) travel from RAMIREZ-MORALES' residence (2811 University Ave Green Bay, WI) to the self-storage unit complex located at 1901 Verlin Rd, Green Bay WI, 54311 (Storage Hub), where it is known RAMIREZ-MORALES utilizes Unit #118. RAMIREZ-MORALES' vehicle arrives at Unit #118 at approximately 12:09am and departs at approximately 12:12am. After departing Unit #118, RAMIREZ-MORALES' vehicle (AJJ-7184) traveled to the area of the Brown County Sheriff's Office (2684 Development Drive Green Bay, WI) where the vehicle drove by multiple

times. RAMIREZ-MORALES' vehicle then traveled back to his residence (2811 University Avenue Green Bay, WI).

23. On August 22, 2020 between 12:27pm and 9:10am, RAMIREZ-MORALES made a trip to the Wisconsin Dells/Baraboo area of Wisconsin in his 2007 Honda Odyssey (AJJ7184). Based on intercepted wire communications it is believed he traveled to this area to meet Jesus A. Reyes who is a believed to be a source of heroin and marijuana for RAMIREZ-MORALES. Reyes is known to be associated with the Alpha Red Tattoo and Barber Studio located at 1425 Wisconsin Dells Parkway in Wisconsin Dells, WI.

   a. In that communication REYES tells RAMIREZ-MORALES he has some "new grass" and says he will bring twenty (20) more of that product. Reyes also tells RAMIREZ-MORALES to bring down whatever did not sell, and he will return it to the supplier. RAMIREZ-MORALES agrees to go to meet Reyes early tomorrow and REYES tells RAMIREZ-MORALES he has to leave Milwaukee around 5:00-6:00 in the evening.

   b. Based on this information it is believed RAMIREZ-MORALES returned a portion of the unsold marijuana he previously obtained from Reyes and picked up another twenty (20) pounds of marijuana from him. This information was corroborated by CI-1967 who contacted N/I Meader, and told him that RAMIREZ-MORALES was in Wisconsin Dells in the Honda getting 15-20 pounds. Based on subsequent intercepted communications it is also believed RAMIREZ-MORALES obtained a .45 caliber pistol from Reyes or while in the Wisconsin Dells area.

c.  Immediately prior to leaving the Green Bay area and upon returning RAMIREZ-MORALES made stops at the self-storage unit complex located at 1901 Verlin Rd, Green Bay WI, 54311 (Storage Hub), where it is known he rents Unit #118.

## AUTHORIZATION REQUEST

24.  Based on the foregoing, I respectfully request the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 authorizing a complete search of Unit #118 as further described in Attachment A and to seize items located in Attachment B.

25.  I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 60 days after the collection authorized by the warrant has been completed.  This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the owner or user of the storage unit would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  See 18 U.S.C. § 3103a(b)(1).  There is reasonable necessity for the use of the technique described above, for the reasons set forth above.  See 18 U.S.C. § 3103a(b)(2

Michael R. Meyer
FBI Special Agent

Subscribed and sworn and attested to me reliable electronic means pursuant to the requirements
FED R CRIM P 4.1(telephone)
this ___9___ day of September 2020.

HONORABLE JAMES R. SICKEL

12 | P a g e

United States Magistrate Judge
Application No.

Case 1:20-mj-00721-JRS   Filed 09/11/20   Page 14 of 18   Document 1

## ATTACHMENT A

STORAGE UNIT #118 LOCATED AT 1901 VERLIN ROAD, GREEN BAY, WISCONSIN. 1901 VERLIN ROAD IS MULTI-UNIT STORAGE COMPLEX OPERATED AS "STORAGE HUB". UNIT #118 HAS A WHITE GARAGE DOOR WITH THE NUMBER "118" IN BLACK LETTERS ON THE FOURTH GARAGE DOOR PANEL FROM THE GROUND. A METAL HANDLE IS LOCATED ON THE LOWER RIGHT SIDE OF THE DOOR. THE LOCKING LATCH IS LOCATED ON THE RIGHT SIDE, APPROXIMATELY HALFWAY UP THE DOOR AND IS SECURED WITH A SILVER COLORED CYLINDRICAL PADLOCK. A FIRE EXTINGUISHER AND A SECURITY LIGHT IS LOCATED DIRECTLY TO THE RIGHT (NORTH) OF THE UNIT DOOR ON THE COLUMN SEPARATING THIS UNIT FROM THE NEXT.

## ATTACHMENT B

### ITEMS TO BE SEIZED:

Evidence related to the distribution controlled substances in violation of Title 21, United States, Sections 846 and 841(a)(1) to include the following.

1. Books, records, notes, ledgers, and other papers relating to the transportation, ordering, purchase, and distribution of controlled substances.

2. Computers, computer disks, CDs, and other electronic data, may contain information relating to the distribution of controlled substances.

3. Address books, cellular telephone contact lists, and any other papers reflecting names, addresses, and or telephone numbers which may be evidence of persons involved in the importation and distribution of controlled substances in violation of federal controlled substance laws.

4. Books, records, receipts, bank statements, and records, money drafts, letters of credit, money order and cashier checks' receipts, passbooks, back checks, and other items evidencing the obtaining, secreting, transfer, concealment, and /or expenditure of money which are evidence of conspiracy to distribute controlled substances in violation of Title 21, United States, Sections 846 and 841(a)(1).

5. Any indicia of control of the property described above which may identify person for whom the controlled substances are intended.

6. Paraphernalia including, but not limited to, scales, and other weighing devices, measuring devices, and containers of various types commonly associated with the storage and use of controlled substances which are evidence of distribution of controlled substances in violation of federal controlled substance laws.

7. Firearms and ammunition.

8. Controlled substances.

9. United States Postal Parcel boxes, receipts, labels and shipping related items.

10. Safes, lockboxes or other secured storage containers and their contents.

11. For any electronic storage device, computer hard drive, electronic device, or other physical object upon which electronic information can be recorded (hereinafter, electronic storage device) is called for by this warrant, or might contain things otherwise called for by this warrant;

   a. Evidence of who used, owned, or controlled the electronic storage device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, Achat,@ instant messaging logs, photographs, and correspondence;

   b. Evidence of software that would allow others to control the electronic storage device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. Evidence of the lack of such malicious software;

   d. Evidence indicating how and when the electronic storage device was accessed or used to determine the chronological context of electronic storage device access, use, and events relating to crime under investigation;

   e. Evidence indicating the electronic storage device user's location and state of mind as it relates to the crime under investigation;

Case 1:20-mj-00721-JRS   Filed 09/11/20   Page 17 of 18   Document 1

f.  Evidence of the attachment to the electronic storage device of other storage devices or similar containers for electronic evidence;

g.  Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage device;

h.  Evidence of the times the electronic storage device was used;

i.  Passwords, encryption keys, and other access devices that may be necessary to access the electronic storage device;

j.  Documentation and manuals that may be necessary to access the electronic storage device or to conduct a forensic examination of the electronic storage device;

k.  Contextual information necessary to understand the evidence described in this attachment.